THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **WS LAND & CATTLE LLC,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **Civil Action No.** _____ | |
| § | | |
| **UNION PACIFIC RAILROAD** § | | |
| **COMPANY,** § | | |
| § | | |
| **Defendants.** § | | |
| § | | |

### UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL

Union Pacific Railroad Company ("Union Pacific") files this Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332. As grounds for removal, Union Pacific states as follows:

### PROCEDURAL BACKGROUND

1. On February 22, 2022, Plaintiff WS Land & Cattle LLC ("WS Land") filed its Original Petition and Original Application for Temporary Restraining Order and Request for Injunctive Relief (the "Petition") in the 293rd Judicial District Court of Maverick County, Texas, Case No. 22-0240850-MCV (the "State Court Action"). The State Court Action Filings are attached as **Exhibit A-1** through **A-5**.[1]

2. On February 22, 2022, the state district court granted WS Land's *ex parte* Application for Temporary Restraining Order (the "TRO"). **Exhibit A-3.** The TRO prohibits Union Pacific from "directly or indirectly attempting to construct a fence or other improvements

---

[1] **Exhibit A-1**: Petition; **Exhibit A-2**: Letter to Judge Flores; **Exhibit A-3**: TRO; **Exhibit A-4**: Return of Service; **Exhibit A-5**: Docket Sheet.

on the Property described in in the WS Land's verified petition." *Id.* It expires on March 8, 2022. *Id.*

3. Union Pacific was provided a copy of the Petition and the TRO on February 22, 2022. It was formally served with a copy of the Petition and TRO on February 25, 2022. **Exhibit A-4**.

4. WS Land's Application for a Temporary Injunction is set for hearing in the in the 293rd Judicial District Court of Maverick County, Texas at 10:30 a.m. on March 8, 2022. **Exhibit A-3**.

## NATURE OF THE CASE

5. WS Land owns a 585.83-acre tract of land in Maverick County that it uses for cattle operations.

6. Union Pacific operates its railroad right of way through WS Land's property. It has fee ownership of its right of way, which is a vital piece of Union Pacific's freight network, part of the national rail network, and is used to transport freight for Union Pacific's customers.

7. WS Land's Petition alleges that Union Pacific does not have a "written instrument that grants [Union Pacific] the right to traverse the Property." **Exhibit A-1** at ¶ 4.1. Essentially, WS Land disputes that Union Pacific owns (or has any other right to use) the right of way that crosses WS Land's property that Union Pacific uses for rail operations. WS Land seeks to have the Court declare ownership of the right of way and/or quiet title to the right of way. It also seeks damages related to Union Pacific's alleged unlawful taking of the property it uses for its rail operations.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

8. This action is removable based on diversity jurisdiction under 28 U.S.C. § 1332.

A. **WS Land and Union Pacific are Citizens of Different States.**

9. WS Land is a limited liability company organized under the laws of the State of Texas with its principal place of business in Eagle Pass, Maverick County, Texas.

10. WS Land's members are Martin Wall and Lewis Stock. *See* **Exhibit B** at 5. Both Wall and Stock are residents of the State of Texas. On information and belief, Wall resides at 2781 FM 1588, Eagle Pass, Texas 78852. On information and belief, Stock resides at 1261 Hidden Oaks Drive, Bulverde, Texas 78163.

11. Union Pacific is a corporation organized under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska.

12. For purposes of this Notice of Removal, there is complete diversity of citizenship between WS Land and Union Pacific.

B. **The Amount in Controversy Exceeds $75,000.**

13. WS Land's Petition provides that it "seeks monetary relief over $200,000.00 but not more than $1,000,000.00 and nonmonetary relief. **Exhibit A-1** at ¶ 3.1. WS Land further alleges that Union Pacific's alleged unlawful taking has resulted in damages "in an amount in excess of $650,000.00." *Id.* at ¶ 5.3. These statements constitute an admission regarding the amount in controversy and are adequate to establish diversity jurisdiction. 28 U.SC. § 1446(c)(2).

14. To the extent this alone was not adequate, in an action seeking declaratory or injunctive relief, the "value of the object of the litigation" is the proper measure for determining the jurisdictional threshold for diversity jurisdiction. *See Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Id.* (citation omitted).

15. As outlined in the Petition, WS Land requests the Court either declare that Union Pacific has "no record title interest" in property or to, alternatively, quiet title to that property. *Id.* at ¶ 5.1 and 5.2. The Petition states that "Plaintiff seeks a declaration from this Court to determine the rights of the parties under the 1887 Deed and the 1886 Deed." *Id.* at ¶ 5.1.

16. The "object of the litigation" here is clearly ownership of the property that Union Pacific uses as right of way for rail operations. WS Land alleges the unlawful taking of that property has damaged it in amount in excess of $650,000. *Id.* at 5.3. Based on this statement, it is reasonable to presume that WS Land values the property at issue well in excess of $75,000.

17. Accordingly, removal is proper because there is complete diversity of citizenship and, based on statements within WS Land's Petition it is clear that the value of the property exceeds $75,000.

## ADDITIONAL REQUIREMENTS

18. Venue for this removal is proper in the United States District Court for the Western District of Texas, Del Rio Division, because this district and division includes Maverick County, Texas, which is the location of the pending State Court Action.

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the court below are attached as **Exhibit A-1** through **A-5**.

20. Under 28 U.S.C. § 1446(b), this removal is timely. This Notice of Removal is filed within 30 days of February 22, 2022, the date Union Pacific was provided a copy of the Petition.

21. In accordance with 28 U.S.C. § 1446(d), Union Pacific will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Maverick County, Texas – the 293rd Judicial District Court of Maverick County, Texas, Case No. 22-0240850-MCV.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Union Pacific hereby gives notice that Case No. 22-0240850-MCV, in the 293rd Judicial District Court of Maverick County, Texas, has been removed to this Court.

Respectfully submitted,

By: */s/Afton Dee Sands*
Afton Dee Sands
State Bar No. 24060555
asands@brownproctor.com
BROWN, PROCTOR & HOWELL, LLP
5805 64th Street, Ste. 6
Lubbock, Texas 79424
(432) 413-5223
(817) 870-2427 fax

**ATTORNEYS FOR UNION PACIFIC RAILROAD COMPANY**

**CERTIFICATE AND NOTICE OF FILING**

I certify that on March 4, 2022, this Notice of Removal was sent to and filed with the Clerk of the 293rd Judicial District Court of Maverick County, Texas, in Case No. 22-0240850-MCV.

*/s/ Afton Dee Sands*
Afton Dee Sands

## CERTIFICATE OF SERVICE

      I hereby certify that on March 4, 2022, a copy of the foregoing was served via the Court's e-filing system and e-mail transmission, in accordance with the Federal Rules of Civil Procedure, on the following attorney of record for the Plaintiff WS Land & Cattle, LLC.

Catrina P. Longoria
Patrick J. Kelly
LONGORIA & KELLY, PLLC
310 E. Nopal Street
Carrizo Springs, Texas 78834

                                                          */s/ Afton Dee Sands*
                                                          Afton Dee Sands